AYRES, Judge.
This is an action for damages resulting from an automobile collision occurring February 3, 1953, on U. S. Highway No. 80 near Bossier City. Plaintiff alleged that, prior to the collision, his automobile was worth $850 but due to damages sustained in the accident it had only a salvage value of $150, and that thereby he sustained a loss of $750, for which he sought judgment. On the ground that defendant was a' nonresident, his automobile was attached.
Alleging that plaintiff was responsible for the accident and the damages sustained thereby, defendant denied any liability, and, asserting that the accident was occasioned by plaintiff’s fault reconvened for the damages sustained by him to his automobile and for miscellaneous expenses alleged to have ■been incurred 'by virtue of said accident.
The General Motors Acceptance Corporation, as the owner of a conditional sales contract executed in the State of Virginia, intervened and asserted ownership of the defendant’s automobile, or, in the alternative, a lien and privilege thereon to the extent of the unpaid balance of the purchase price.
After trial, the district court rendered judgment rejecting the demands of both plaintiff and defendant, and in favor of the intervenor, recognizing its lien and privilege under its alternative demand.
From that judgment plaintiff prosecutes a devolutive appeal to this court. The defendant answered the appeal and prayed for an affirmance of the judgment so far as rejecting plaintiff’s demands, and reversed and rendered so as to allow his reconven-tional demands. The intervenor has appeared in this court, praying that its intervention be dismissed for the reason that it has received payment in full of its claim and that it, therefore, no longer has a lien and privilege on the automobile and is now without interest in this litigation. Inter-venor’s request will be allowed.
The issues to be determined involve, primarily, questions of fact. From the judgment rejecting the demands of both plaintiff and defendant, it is evident the trial judge was of the opinion that plaintiff and the driver of his car and the defendant were each negligent and that the negligence of each contributed to this accident. We find no manifest error in his findings of fact.
The evidence reveals that plaintiff and his driver, Parks, soldier's stationed at Barksdale Air Force Base, had been out all *648 night making rounds from one night club to another, drinking intoxicating liquors, before the accident occurred at 4:20 A.M. On account of their intoxicated condition and the' disturbance caused by them, the State police had contacted the Air Force police prior to the accident, and Gene Davy, an enlisted man of the force, had arrived to take them in custody. With the aid of friends and another car, it was then attempted to push plaintiff’s car, with Parks at- the steering wheel, onto the highway in order to get it started.- The bumpers of the cars failed to make proper contact, according to the testimony, ■ and the rear car continued past plaintiff’s car in order to turn around to give thé car another push. It was during this interval that defendant’s car showed up, approaching from the east, and struck plaintiff’s car in the rear, stalled or stopped in the traffic lane on the high7 way in front of defendant’s car. Defendant testified there was no traffic approaching from the opposite direction, and, in ac-r counting for the occurrence of the accident, he said: ■ '
“I was driving 30 ór 35 and I seen this car out there that was still rolling without any light on and I put on my brakes and the wheels started sliding and they slid for about 50 féetj I guess, 'and I tried to’pull around-him and I couldn’t. I hit him with my right front fender
and, again, in explaining his inability to pull over to- avoid the .accident, he stated: .
“I don’t know’ why — I pulled over some — but if I hadn’t pulled over any, I would have hit him head on, but as I started to pull over I hit him just about that time — I don’t know — I guess the wheels were sliding.”
The evidence introduced on plaintiff’s behalf is far from convincing. There is considerable doubt if plaintiff, on account of his intoxicated condition, was capable of making accurate’ observations. The record indicates, too, that plaintiff’s companion, Parks, was only slightly less intoxicated than plaintiff himself. The testimony of the air policeman, Davy, is patently biased and inaccurate and purposely slanted to aid plaintiff’s cause.
Defendant’s testimony, considered as a whole, fajls likewise to convince us to that degree of certainty upon which we could satisfactorily base a judgment. According to his own testimony, it would appear that he either was not keeping a proper lookout or did not have his car under control as he, too late, attempted to pass to the left of the car, and could not, or at least did not, satisfactorily explain why he wa9 unable to do so. We are, therefore, constrained to hold, in the light of this evidence, that he was guilty of contributory negligence, barring recovery on his reconventional demands.
For these reasons, the judgment appealed from is amended by dismissing the intervention of the General Motors Acceptance Corporation, and, as thus amended, is affirmed at appellant’s cost.